IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCY KASSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 03-778-MJR |
| ) | |
| UNION PLANTERS CORPORATION ) | |
| ) | |
| D/B/A ) | |
| ) | |
| UNION PLANTERS INVESTMENT ) | |
| ADVISORS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's motion to compel defendant to fully respond to her interrogatory No. 5 and request for production No. 5, which seek to identify each individual involved in the decision to reduce the number of portfolio managers in February 2003, and to produce all related documentation. **(Doc. 23).** Defendant claims e-mail correspondence between plaintiff's supervisor Paul Anderson, human resources generalist Doug Edwards, legal assistant Margaret Lievertz and attorney Lynn Diebold is protected by attorney-client privilege and the work product doctrine. **(*See* Doc. 24, Exhibit 2; and Doc. 35).** Plaintiff asserts that the requested information and documentation is not protected. **(Doc. 24).** Plaintiff also contends defendant has waived any privilege or protection because one of the e-mails at issue was attached to defendant's position statement submitted to the EEOC, and by describing the substance of the communications in its response to the subject motion to compel. **(Doc. 41).**

According to defendant, the disclosure of one of the disputed e-mails was inadvertent and should not constitute a waiver of any privilege or protection for that single document, let alone all documents of the same subject matter.  **(Doc. 42).**

## Relevant Legal Principles

It is important to keep in mind how wide open discovery is under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.  ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**   Discovery may be had from any person, provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense.  ***See* Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Insofar as defendant claims protection from disclosure of certain information and documents, Federal Rule of Civil Procedure 26(b)(5) dictates that a party shall make any claim of privilege "expressly and shall describe the nature of the documents . . . in a manner that, without revealing itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

> The purpose of the [attorney-client] privilege is to encourage full disclosure and to facilitate open communication between attorneys and their clients.  However, because "the privilege has the effect of withholding relevant information," courts construe the privilege to apply only where necessary to achieve its purpose.  The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements.

***U.S. v. BDO Seidman*, 337 F.3d 802, 810-811 (7th Cir. 2003) (internal citations omitted).** Among the essential elements of the attorney-client privilege are the requirements that the communication be made to the attorney in confidence, and that the confidences constitute information that is not intended to be disclosed by the attorney." ***Id*. at 811 (internal citations omitted).** "'[T]he privilege protects only the client's confidences, not things which, at the time, are not intended to be held in the breast of the lawyer. . . .'" ***U.S. v. Weger*, 709 F.2d 1151, 1154 (7th Cir. 1983) (quoting *Clanton v. U.S.*, 488 F.2d 1069, 1071 (5th Cir. 1974)).** "Selective" waiver of the privilege is generally not recognized, but courts are less likely to find waiver if disclosure was inadvertent. ***Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126-1127 (7th Cir. 1997).**

The work product doctrine serves as a qualified immunity from discovery, not as a privilege. When this qualified immunity is overcome by a proper showing of substantial need, a court must still protect against disclosure of mental impressions, opinions, conclusions, or legal theories of the attorney or representative in regards to the litigation. **Fed. R. Civ. P. 26(b)(3).** The work product doctrine protects the following from disclosure: interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal thoughts of attorneys. **See *Hickman v. Taylor*, 329 U.S. 495 (1947).** The doctrine is intended to provide a safe haven within which the attorney can analyze and prepare his or her client's case in anticipation of litigation. **See *U.S. v. Nobles*, 422 U.S. 225 (1975).** The work product doctrine is not limited to the information gathered by the attorney; the doctrine also protects materials gathered by investigators and other agents of the attorney as part of the attorney's preparation for trial. **See *Nobles***

**at 225.** For example, the work of a client's attorney, consultant, surety, indemnitor, insurer, or agent is protected by the work product doctrine. **Fed. R. Civ. P. 26(b)(3).** The qualified immunity afforded by the work product doctrine may be waived. *See Noble* **at 225.** What constitutes a waiver depends on the circumstances. *Id.* An unintentional or inadvertent disclosure of materials does not generally indicate a waiver of the work product protection. *See, e.g., Duplan Corp. v. Deering Milliken, Inc.,* **540 F.2d 1215 (4th Cir. 1976).**

### Analysis

As a preliminary matter, the Court finds that defendant has <u>not</u> waived any privilege or protection by describing the e-mails at issue in its response to the subject motion. Defendant has merely complied with Federal Rule of Civil Procedure 26(b)(5). Although the Court greatly appreciates the descriptions offered by defendant, a thorough analysis of the applicability of the attorney-client privilege and work product doctrine cannot be accomplished in this situation without reviewing the actual e-mails at issue. Of course, those documents will be reviewed in camera.

**IT IS THEREFORE ORDERED** that, on or before **September 21, 2005, at 9:30 a.m.**, defendant Union Planters Corporation shall file the disputed documents under seal for in camera inspection.

**IT IS SO ORDERED.**

**DATED: September 13, 2005**   **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**