IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUCY KASSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  03-778-MJR |
| | ) | |
| UNION PLANTERS CORPORATION | ) | |
| | ) | |
| D/B/A | ) | |
| | ) | |
| UNION PLANTERS INVESTMENT ADVISORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff's "second motion to compel," seeking to compel defendant to fully respond to plaintiff's requests for production Nos. 2, 3 and 7.  **(Docs. 25 and 26).**  More specifically, plaintiff seeks the complete personnel files of plaintiff, and allegedly "comparable" portfolio managers Jamie Duies, Clark Zedric and Greg Flanigan; complete job descriptions for the aforementioned individuals; and detailed organizational charts and other documents showing the organizational structure of Union Planters Investment Advisors, Inc. ("UPIA"), from July 2002 to the present.

Defendant balks at producing the personnel files for Jamie Duies, Clark Zedric and Greg Flanigan, who are portfolio managers plaintiff cites as "comparables."  Defendant argues that Duies, Zedric and Flanigan were not portfolio managers in the same capacity as plaintiff, and they are not true "comparables."  Building on its

conclusion that Duies, Zedric and Flanigan do not qualify as "comparables,' defendant contends there is insufficient cause for invading their privacy interests.

With respect to employment and compensation history information contained in defendant's computerized personnel database, defendant further asserts that it "has provided Plaintiff with more information than is necessary to her claims, and historical employment and compensation information *beyond that which has already been produced to Plaintiff* is simply superfluous and irrelevant to Plaintiff's claims." **(Doc. 36, p. 8 (emphasis in the original)).** Defendant does not believe that, just because it has a computer database, it should produce what amounts to a compilation of information already revealed in depositions and through other discovery responses.

Defendant further argues that compensation information for portfolio managers after her termination is not relevant, and is private. Defendant also notes that plaintiff, obviously, knows her own compensation history, and potential bonuses and raises can be calculated by plaintiff. Defendant does not perceive the relevance of other portfolio managers' compensation histories in calculating plaintiff's potential earnings, particularly since they had less advantageous compensation schemes.

With respect to organizational charts and information, noting that Union Planters merged with Regions Financial Corporation in July 2004, defendant counters that it has produced all documents that are relevant– meaning all pre-merger documents. **(Doc. 36).** Defendant contends that documents from Morgan Asset Management ("MAM"), Regions' investment subsidiary into which UPIA was absorbed, are not relevant. More specifically, defendant questions the relevance of plaintiff's need to prove that she would

still be employed as a portfolio manager with MAM, since it is a different company with different decisionmakers.

In response, plaintiff notes that whether Duies, Zedric and Flanigan are valid "comparables" will be determined by the Court; therefore, plaintiff contends she should be able to discover documents and information that are relevant to that determination. Plaintiff notes that it will be her burden to prove that she would have survived the merger/been employable, thus making information about her coworkers and the post-merger organizational charts relevant. With respect to the computerized records, plaintiff argues that the information provided to date is not complete, or always accurate. Plaintiff observes that comprehensive personnel information will be easier to present to the jury.

## Relevant Legal Principles

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** Discovery may be had from any person, provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense. ***See* Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

Federal Rule of Civil Procedure 34 provides in pertinent part:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings,

> drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. . . .

**Fed.R.Civ.P. 34(a).** Standard 14(b) of the American Bar Association Civil Discovery Standards suggests, "[d]ocuments should be produced either as they are kept in the usual course of business or to correspond to the categories in the request." The Advisory Committee Notes relative to the 1970 changes to Rule 34(a) recognize that a responding party may be required to supply a print-out of computer data.

The Court recognizes the confidential nature of much of the information typically found in personnel files and the defendant's desire to keep a variety of employee information confidential. Nevertheless, the Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform. Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature." *National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985). In any event, by their very nature, most employment discrimination cases require a comparison between the plaintiff and other employees, which in turn necessitates the public disclosure of information about other employees deemed comparable.

> A similarly situated employee for purposes of proving discrimination refers to "employees who were 'directly comparable to [the plaintiff] in all material respects.' " [*Ajayi v. Aramark Business Services*, 336 F.3d 520, 532 (7th Cir. 2003) (quoting *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir.2002)). To evaluate whether two employees are directly comparable, we consider all of the relevant factors, "which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate

>    to the same supervisor, and (iv) had comparable experience, education, and other qualifications-provided the employer considered the latter factors in making the personnel decision." *Id.* "Above all, we are mindful that courts do not sit as super personnel departments, second-guessing an employer's facially legitimate business decisions." *Id.*

***Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692-693 (7th Cir. 2005).**

Seventh Circuit case law holds that "comparables" must be similarly situated *in all respects*. **Brummett, 414 F.3d at 693 (citing *Spath v. Hayes Wheels International-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000)).** "This requires the plaintiff to show not only that the employees reported to the same supervisor, engaged in the same conduct, and had the same qualifications, but also show that there were no 'differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them.'" ***Ineichen v. Ameritech*, 410 F.3d 956, 960-961 (7th Cir. 2005) (quoting *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)).**

## Analysis

As a preliminary matter, defendant's resistance to producing requested "documents" or information from its computer database or personnel files, because plaintiff can cobble together the same information from what has already been revealed during discovery, is not well founded or well taken by the Court. "Cooperative discovery arrangements in the interest of reducing delay and expense are mandated." **Local Rule 26.1(d).** Moreover, at trial it is far more efficient for the parties, the Court and the jury to have, for example, a personnel record detailing a person's salary history introduced, rather than having to drag out factual nuggets through lengthy testimony. The Federal Rules of Civil Procedure contemplate duplicative discovery to a certain extent– interrogatories, requests for production and deposition questions may overlap. ***See***

*generally* **Advisory Committee Notes relative to 1993 Amendments to Rule 33(a).** Therefore, plaintiff's requests are not found to be harassing, unduly burdensome or inappropriate in that respect.

Rule 26(b)(1) does not require documents or information be admissible for them to be discoverable, but they must be relevant. Defendant concedes that Jamie Duies, Clark Zedric and Greg Flanigan were all portfolio managers, like plaintiff, but defendant attempts to differentiate them from plaintiff by asserting that they did not act in the "same capacity" as plaintiff. **(Doc. 36, p. 5).** Differences between plaintiff and Duies, Zedric and Flanigan could certainly eliminate them as "comparables" but, given that defendant does acknowledge that they were portfolio managers performing some of the same duties as plaintiff, there is a sufficient basis for permitting discovery relative to Duies, Zedric and Flanigan. Whether Duies, Zedric and Flanigan can be used as "comparables" will be determined by Judge Reagan, based on the evidence and *both* parties arguments, not merely defendant's limited representations. Given the strict standard for comparison delineated in *Brummett v. Sinclair Broadcast Group, Inc.*, evidence regarding Duies, Zedric and Flanigan may never be deemed admissible. Therefore, at this juncture, the personnel files of portfolio managers Jamie Duies, Clark Zedric and Greg Flanigan, as well as plaintiff's own personnel file, must all be produced. Defendant has not pinpointed what information in the personnel files should be protected, or explained why. In accordance with *National Labor Relations Board v. Pfizer*, this Court will not assume such records warrant protection.

Defendant makes much of the fact that Union Planters merged with Regions Financial Corporation in July 2004. However, although the duration of "front pay" could

be limited if it were shown that plaintiff would have lost her job in the merger, lost "future earnings" would not be limited by the merger.  ***See Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953-954 (7th Cir. 1998);** *see also* ***Downes v. Volkeswagon of America, Inc.*, 41 F.3d 1132, 1143 (7th Cir. 1994) (award of front pay appropriate although defendant reduced work force by 60% and was restructuring); and *EEOC v. G-K-G, Inc.*, 39 F.3d 740 (7th Cir. 1994) (under certain circumstances a successor corporation can be held liable for age discrimination).**  Therefore, post-merger information appears to be relevant and discoverable, even though it is possible that such information ultimately may not be deemed admissible.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff Lucy Kasson's motion to compel defendant to fully respond to plaintiff's requests for production Nos. 2, 3 and 7 **(Doc. 25)** is **GRANTED**; all of defendant's objections **(Doc. 36)** are **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **September 30, 2005,** defendant Union Planters Corporation shall produce any and all information or documents heretofore withheld from plaintiff.

**IT IS SO ORDERED.**

DATED:  September 14, 2005         s/ Clifford J. Proud
                                   CLIFFORD J. PROUD
                                   U. S. MAGISTRATE JUDGE